FILED
BILLINGS DIV.
2011 SEP 14 PM 4 01
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-67-BLG-RFC |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING SOME CLAIMS |
| JOSHUA ROBERT LUDTKE, | |
| Defendant/Movant. | |

On September 7, 2011, Defendant/Movant Joshua Ludtke ("Ludtke"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Ludtke also filed a brief in support of his motion, a motion for transcripts, a motion for counsel, and a motion to proceed in forma pauperis.

By separate Order, the United States is required to file an Answer to one of Ludtke's claims under § 2255. This Order addresses the other claims and Ludtke's other motions.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Background

Ludtke was indicted on May 26, 2009, on one count of possessing firearms as a fugitive from justice (Count 1); one count of possessing stolen firearms (Count 2); one count of possessing firearms while under a pending felony charge (Count 3); and one count of possessing a firearm with an obliterated serial number (Count 4), violations of 18 U.S.C. § 922(g)(2), (j), (n), and (k), respectively. Indictment (doc. 1) at 1-4. Assistant Federal Defender David Merchant was appointed to represent him. Order (doc. 8).

On April 13, 2010, the parties filed a fully executed plea agreement. Ludtke agreed to plead guilty to Counts 2 and 4, the United States agreed to dismiss Counts 1 and 3 and conditionally agreed to recommend a three-point adjustment for acceptance of responsibility. There was no other agreement as to sentencing. Ludtke waived his right to appeal, provided a sentence within an uncontested guideline range was imposed. Plea Agreement (doc. 19) at 2 ¶ 5, 10-12 ¶¶ 11-12. At the change of

plea hearing,[1] Ludtke was asked to state his understanding of the maximum sentence he could receive. He said, correctly, that it was ten years in prison, a $250,000 fine, and three years' supervised release. 18 U.S.C. §§ 924(a)(1)(D), (a)(2), 3559(a)(3), (4), 3571(b)(3), 3583(b)(2); Plea Agreement at 5-6 ¶ 7; Minutes (doc. 20).

A presentence report was prepared. On June 23, 2010, Ludtke moved to continue the sentencing hearing. He stated that "[t]he advisory guideline range is significantly different than that anticipated by the defendant because of a myriad of state charges that arise out of multiple jurisdictions," and additional time was needed to verify the charges. Mot. to Continue (doc. 22) at 2. The motion was granted. Order (doc. 23).

Sentencing was held on September 2, 2010. Because Ludtke had a prior felony conviction for a crime of violence, his base offense level was 20. U.S.S.G. § 2K2.1(a)(4)(A); Presentence Report ¶ 21. He received a two-level upward adjustment for possessing three to seven firearms, a four-level upward adjustment for possessing a firearm with an obliterated serial number, and another four-level upward adjustment for possessing firearms in connection with a felony theft, U.S.S.G. §§ 2K2.1(b)(1)(A), (4)(B), (6), as well as a three-level downward adjustment for acceptance of

---

[1] Ludtke's motion for transcripts is addressed below. I have reviewed the court reporter's rough transcripts in preparing this Order. Pursuant to 28 U.S.C. § 753(f), they will be prepared and filed in the record of the case, and a copy will be delivered to Ludtke.

responsibility, *id.* § 3E1.1, for a total offense level of 27. Presentence Report ¶¶ 19-33. Even though Ludtke had not yet been sentenced on three state felony convictions, his criminal history category was still IV, *id.* ¶¶ 35-45, and new charges were pending in two counties in Montana and Wyoming, *id.* ¶¶ 46-47. The advisory sentencing guideline range was 100-125 months. Ludtke was sentenced to the statutory maximum, ten years, on Count 2, and to five years on Count 4, both sentences to run concurrently, followed by a three-year term of supervised release. Minutes (doc. 24); Judgment (doc. 25) at 2-3.

Ludtke waived his right to appeal a sentence within any uncontested advisory guideline range. Plea Agreement at 14 ¶ 17(a). He did not appeal.

Acting pro se, Ludtke filed timely filed his § 2255 motion on September 7, 2011. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b).

### III. Ludtke's Allegations

Ludtke's issues are reorganized here, but all are addressed.

Ludtke contends that trial counsel was constitutionally ineffective in various respects. First, he claims that counsel should have obtained a psychiatric evaluation and investigated and developed the mitigating factors of his emotional problems, his history of physical and sexual abuse by his father, and his alcoholism, poverty, and lack of youthful guidance, either to support a downward departure for diminished

capacity or otherwise to advocate for a sentence under the statutory maximum. Br. in Supp. (doc. 30) at 2-5. Second, he asserts that counsel told him his sentence would be 48-60 months. *Id.* at 2. Third, he alleges that his sentence was unfairly influenced by pending game violations that were later dismissed. *Id.* at 6. Fourth, he contends that he asked counsel to appeal but counsel failed to do so. *Id.*

## IV. Analysis

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Ludtke must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Mitigating Factors at Sentencing

Although Ludtke alleges that counsel failed to investigate mitigating factors, he does not identify any mitigating factors that were not presented in the Presentence Report. Ludtke fails to point out that the emotional disturbances he allegedly "suffers

from," Br. in Supp. at 2, were identified in 1992, and not since then. Presentence Report ¶¶ 57-61. The investigation conducted by the probation officer concluded:

> A presentence investigation prepared by the Montana Department of Probation and Parole in 2009 did not reveal a more recent account of Joshua's mental or emotional condition. According to his mother, Penny Carter, Joshua has appeared stable from his late-teens until the present. Records provided by the Yellowstone County Detention Facility, Medical Unit, reflect Joshua has not exhibited any unusual behavior, or required mental health services, during his recent incarceration in that facility.

Presentence Report ¶ 62. Likewise, the Presentence Report detailed Ludtke's difficult family history, *id.* ¶¶ 51-52, and untreated substance abuse issues, *id.* ¶¶ 63-66.

While Ludtke says that he asked counsel to move for a downward departure based on diminished mental capacity, Br. in Supp. at 2; *see also* Mot. § 2255 Ex. C (doc. 28 at 28-46) (reports of behavioral and emotional issues dating from Dec. 1991 to June 1996, when Ludtke was 14 years old), he identifies no facts or factors indicating he suffered from "a significantly reduced mental capacity"[2] in 2008-2009 when he committed the firearms offenses of which he was convicted, much less that

---

2      "Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.

U.S.S.G. § 5K2.13 Application Note 1.

his reduced mental capacity "contributed substantially to the commission of the offense[s]." U.S.S.G. § 5K2.13 Policy Statement. Additionally, nothing in the Presentence Report or in the record of the case suggests that counsel should have known a psychiatric evaluation might be useful.[3] Counsel is not ineffective when he fails to raise an argument that is not supportable under the law. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005); *see also* U.S.S.G. §§ 5H1.3, 5H1.10, 5H1.12, 5K2.0(a)(4).

Further, the matters to which Ludtke refers were taken into account in the recommendation that Ludtke be placed in a facility offering vocational and educational opportunities, Judgment at 2, that he participate in the 500-hour RDAP while he is in prison, *id.*, as well as in the requirement that he participate in mental health and substance abuse counseling when he is released to supervision, *id.* at 3-4. U.S.S.G. §§ 5H1.3 para. 3, 5H1.4 para. 2.

Counsel's performance as to factors in mitigation of the sentence was reasonable. This claim is denied.

### B. Counsel's Sentencing Prediction

While Ludtke states that counsel predicted his sentence would be between 48

---

[3] Ludtke states, "Sentencing was continued to allow necessary time for an e[valu]ation to be conducted." It wasn't. It appears a word was omitted, and Ludtke meant to say, "Sentencing was *not* continued to allow necessary time for an evaluation to be conducted."

and 60 months, "based upon Mr. Merchant's personal discussion with the prosecutor," Br. in Supp. at 2, he does not claim that he would not have pled guilty and would have gone to trial if counsel had predicted he would receive a ten-year sentence. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At his change of plea hearing, *see* note 1 *supra*, Ludtke acknowledged he could be sentenced to ten years. He also acknowledged that sentence is imposed by the Court, not the prosecutor, and the parties' plea agreement did not contain any agreement at all as to what the sentence would be. Ludtke offers no reason to believe that anything would have been different if counsel had correctly predicted a statutory maximum sentence, and in fact he does not raise this claim as an independent ground for relief. Br. in Supp. at 2. This claim, if it can be interpreted as one, is denied.

### C. Pending State Game Violations

Ludtke takes a suggestion by counsel[4] to claim he was harshly sentenced because, of the two state cases in which he faced new pending charges, one of them involved state game violations. That case was dismissed after his federal sentencing.

Although Ludtke does not move to recuse me, I consider it *sua sponte*. While being an avid sportsman is undoubtedly an "extrajudicial factor," a reasonable person

---

[4] "You just ran into a federal judge that is an avid sportsman and your case seemed to have personally offended him, as you might recall from the things he said to you at the sentencing hearing." Mot. § 2255 Ex. A (doc. 28 at 21-22) (Letter from Merchant to Ludtke, July 2011).

would not believe that being an avid sportsman "may prevent a fair decision in this case," *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986), or "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment," *Berger v. United States*, 255 U.S. 22, 33-34 (1921). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (emphasis in original). Those standards are not close to being met here.

The reasons for the sentence are stated in the transcript of the sentencing hearing and in the Statement of Reasons. They do not support Ludtke's claim of bias or prejudice. This claim is denied.

### D. Failure to Appeal

This claim is addressed in a separate Order.

## V. Other Motions

Ludtke's other motions are easily addressed. The motion to proceed in forma pauperis is moot because Ludtke was found qualified for the appointment of counsel in the original proceeding, a fine was waived due to his inability to pay, and he has continually been in custody since then. Counsel will not be appointed unless an

evidentiary hearing is necessary. Ludtke's brief in support of his motion states that he needs the sentencing transcript to support his claims. Br. in Supp. at 8. The transcripts of the change of plea hearing and sentencing are required under 28 U.S.C. § 753(f) and will be prepared and filed, so his motion is moot. Ludtke's motion for an extension of time to file his § 2255 motion is moot because he has now filed the motion.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcripts of the change of plea hearing, held April 13, 2010, and of the sentencing hearing, held September 2, 2010, are required to decide the issues presented by Ludtke. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Joshua Robert Ludtke # 09016-091, FCI Oxford, Federal Correctional Institution, P.O. Box 1000, Oxford, WI 53952;

2. Ludtke's claims numbered 1-4 in his brief, Br. in Supp. at 2-6, are DENIED for lack of merit. They will not be further addressed in these proceedings;

3. Ludtke's motion for an extension of time (doc. 27), his motion to proceed in forma pauperis (doc. 28-1), and his motion for transcripts (docs. 28-3, 30) are MOOT; and

4. Ludtke's motion for the appointment of counsel is DENIED at this time, but it will be reconsidered if an evidentiary hearing is necessary.

<u>Ludtke must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his motion without notice to him.

DATED this 14th day of September, 2011.

Richard F. Cebull
United States District Court