

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. JOSHUA ROBERT LUDTKE, Defendant/Movant. | Cause No. CR 09-067-BLG-SPW<br>CV 16-177-BLG-SPW<br><br>ORDER DISMISSING § 2255 MOTION WITH PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Ludtke's second motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Ludtke filed the motion in this Court on June 22, 2016.

Ludtke's sentence was enhanced because he was found to have committed one or more "crimes of violence." He claims a right to relief under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016). *See* Mot. § 2255 (Doc. 52) at 1.

Because Ludtke had already litigated one motion under § 2255, *see* Mot. § 2255 (Doc. 28); Order (Doc. 45), the Court transferred Ludtke's second § 2255 motion to the Court of Appeals on June 23, 2016. *See* Order (Doc. 49). On December 27, 2016, the Ninth Circuit Court of Appeals authorized this Court to hear the motion. *See* 9th Cir. Order (Doc. 51). Ludtke's second § 2255 motion is

1

again pending before this Court.

Following the Ninth Circuit's authorization, however, this Court must also consider whether Ludtke's second motion contains either:

(1) newly discovered evidence . . . ; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also id.* § 2244(b)(4).

As mentioned, Ludtke claims he is entitled to relief under *Johnson*, which announced a new rule of constitutional law. *Johnson* held that part of a provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause. *See Johnson*, 135 S. Ct. at 2556-57. *Welch*, in turn, also cited by Ludtke, made *Johnson* "retroactive to cases on collateral review."

But on March 6, 2017, the United States Supreme Court issued its decision in *Beckles v. United States*, No. 15-8544 (U.S. cert. granted June 27, 2016). There, the Court decided "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Opinion at 1, *Beckles*, No. 15-8544. Ludtke was sentenced under the advisory guidelines. Because those guidelines are not subject to vagueness challenges, defendants sentenced under them cannot invoke the new rule of *Johnson*.

Ludtke cannot show that his second § 2255 motion rests on "a new rule of constitutional law." He has no new evidence proving his innocence. Therefore, his second motion under 28 U.S.C. § 2255 does not meet the criteria of 28 U.S.C. § 2255(h) and must be dismissed.

A certificate of appealability is not warranted. As the advisory guidelines are not subject to constitutional vagueness challenges, Ludtke cannot show he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Ludtke's authorized second § 2255 motion (Doc. 52) is DISMISSED WITH PREJUDICE because, in light of *Beckles*, it fails to meet the criteria of 28 U.S.C. § 2255(h);

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Ludtke files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-177-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Ludtke.

DATED this 24th day of March, 2017.

Susan P. Watters
United States District Court

3